# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 1, 2010

141002

M.L. PRAY,
   Plaintiff-Appellee,

v

BAYBEST RIBS, L.L.C., and NORMICH,
INC., d/b/a DAMON'S GRILL,
   Defendants-Appellants.

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

SC: 141002
COA: 286672
Genesee CC: 07-087443-NO

_____/

On order of the Court, the application for leave to appeal the March 23, 2010 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

On a February day, plaintiff, a life-long resident of Michigan, fell on ice in defendant's parking lot. Although the parking lot had been cleared of most snow, there were six inches of snow on the ground elsewhere, it having snowed nearly an inch earlier in the day and nearly two inches the day before, and the high temperature that day being 15 degrees. The trial court granted defendant's motion for summary disposition, concluding that the ice was "open and obvious," and the Court of Appeals reversed.

I agree with the trial court that, given the wintry conditions that existed at the time of plaintiff's fall, the potential for the parking lot to be icy should have been well understood by plaintiff. The Court of Appeals held that because it stopped snowing by 11:00 a.m., and because plaintiff did not fall until 3:30 p.m., plaintiff had no reason to know that the parking lot would be icy. I strongly disagree. A life-long resident of Michigan (or, indeed, a life-long resident of any other state, province, or country standing even a roughly equivalent distance from the equator) should be well aware that when it snows, and when temperatures are below freezing, ice may form on parking lots, and that

2

such ice may remain until temperatures rise above freezing.  Because plaintiff should have known that the parking lot might be icy, the ice was fully "open and obvious."

I would reverse the Court of Appeals and reinstate the trial court's order granting defendant's motion for summary disposition.

CORRIGAN and YOUNG, JJ., join the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 1, 2010

_Corbin R. Davis_
Clerk